**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00139-RM-NYW

PETERSON I. BATAILLE,

     Plaintiff,

v.

DELAWARE NORTH COMPANY,[1]

     Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

Magistrate Judge Nina Y. Wang

     This matter comes before the court on Defendant CA Concessions of Colorado, Inc.'s ("Defendant" or "CA Concessions") Motion to Dismiss or Strike Allegations in Plaintiff's Complaint Related to Non-Adverse Employment Actions, filed on April 10, 2015 [#13] ("Motion to Dismiss or Strike").[2] Pursuant to the May 6, 2015 Order Referring Case [#28] and the May 6, 2015 Memorandum [#29], the Motion to Dismiss or Strike is before this Magistrate Judge. The Court has reviewed the Motion to Dismiss or Strike [#13] and the accompanying Memorandum of Law in support [#14], Plaintiff's August 27, 2015 Response [#32], and Defendant's Reply Memorandum of Law in Support of its Motion to Dismiss or Strike [#33], any exhibits thereto, and the applicable case law. Satisfied that the Motion to Strike or Dismiss can be resolved on the record before the court without the need for oral argument from the

_____

[1] Defendant notes that the operative Complaint [#1] misidentifies Defendant as "Delaware North Company," and that the entity is properly identified as CA Concessions of Colorado, Inc. [#13 at 1]. In this Recommendation, the court refers to either "Defendant" or "CA Concessions."

[2] This Recommendation refers to the ECF docket number for documents, and the page number as assigned by the court's ECF system for consistency and ease of reference.

Parties or their counsel, for the reasons discussed below, the court respectfully RECOMMENDS that the Motion to Dismiss or Strike be DENIED.

## BACKGROUND

Plaintiff Peterson L. Bataille ("Plaintiff" or "Mr. Bataille" filed his original and operative Complaint in this case on January 20, 2015 (the "Complaint"), enumerating a number of allegations that he states reflects illegal discrimination on the part of Defendant. [#1]. The following is a recitation of relevant allegations from Plaintiff's Complaint that the court accepts as true where well-pled for purposes of determining the instant Motion to Dismiss or Strike.

Plaintiff alleges that, on or about June 24, 2013, he was injured while working for the Defendant. [#1 at 1-2]. Although Mr. Bataille suffered a concussion, Defendant failed to file a timely incident report despite having provided timely incident reports as to other similarly-situated employees outside of Mr. Bataille's protected class. [*Id.* at 2]. According to the Administrative Charge of Discrimination attached to Plaintiff's Complaint, Mr. Bataille is an African-American of Haitian ancestry. [*Id.* at 8].

Then, in the fall of 2013, Mr. Bataille purportedly suffered a number of discriminatory actions. On or about September 5, 2013, Plaintiff applied for a promotion as a server with the Defendant. [*Id.* at 2]. Plaintiff never received a response to his application, and someone outside of Plaintiff's protected class was instead hired. [*Id.*]. On or about November 4, 2013, a manager and coworker outside of Plaintiff's protected class falsely accused Plaintiff of stealing juice. [*Id.*]. On or about November 8, 2013, Plaintiff was required to work without adequate break time. [*Id.*]. Employees outside of Plaintiff's protected class were provided adequate break time. [*Id.*]. That same month, Plaintiff's manager failed to obtain a free backpack for Plaintiff. [*Id.*]. Free backpacks were provided to employees outside of Plaintiff's protected class. [*Id.*].

On June 27, 2014, Plaintiff received a "disciplinary," and was required to complete a coworker's task while the coworker slept, without the benefit of a lunch break. [*Id.*].

On the basis of these allegations, Plaintiff alleges that the Defendant is responsible for employment discrimination in breach of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. [*Id.* at 1]. Defendant's Motion to Dismiss or Strike contends that all allegations in Plaintiff's Complaint, other than Plaintiff's allegation that the Defendant declined to promote Plaintiff in September of 2013, should be dismissed or stricken on the ground that the other actions alleged do not amount to the sort of adverse employment actions necessary to plead and sustain a claim under Title VII. [#14 at 3-6].

## ANALYSIS

### I.    Standard of Review

#### A.    Motion to Dismiss Pursuant to Fed. Rule Civ. P. 12(b)(6)

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether a plaintiff has stated a viable claim, the court not only accepts as true all well–pleaded facts, but also draws all reasonable inferences in favor of plaintiff to decide whether they plausibly entitle plaintiff to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009); *accord. Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (recognizing that a plaintiff must frame a complaint with enough factual matter, when taken as true, to plausibly suggest that he or she is entitled to relief) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007)). Under this framework, a claim may be dismissed because it asserts a legal theory that is not cognizable as a matter of law, or because it fails to state sufficient facts to establish a legally recognized claim. *See Scarbrough v.*

*Coleman Co., Inc.*, No. 13-CV-00260-LTB-MEH, 2013 WL 3825248, at *1 (D. Colo. July 24, 2013) (citing *Golan v. Ashcroft,* 310 F. Supp.2d 1215, 1217 (D. Colo. 2004)).

While the court's analysis is typically focused on the allegations as set forth within the four corners of the complaint, the court may consider documents referred to in the complaint that are central to the claims without converting the motion to dismiss into one for summary judgment. *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

**B.      Motion to Strike Pursuant to Fed. Rule Civ. P. 12(f)**

Pursuant to Fed. Rule Civ. P 12(f), a district court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Redundant matters consist of allegations that constitute a needless repetition of other averments or which are wholly foreign to the issue to be decided." *Center for Native Ecosystems v.United States Fish and Wildlife Serv.*, No. 08-cv-2744, 2010 WL 2035580, *2 (D. Colo. May 20, 2010) (citation and quotation omitted).   A matter is "immaterial if it has no essential or important relationship to the claim for relief pleaded."  *Id.* (citation and quotation omitted).  A matter is impertinent if it "does not pertain and is not necessary to the issues in question in the case."  *Id.* (citation and quotation omitted).  Matters are scandalous "if they degrade defendant's moral character, contain repulsive language, or detract from the dignity of the court."  *Id.* (citation and quotation omitted).

The purpose of Rule 12(f) "is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case."  *Sierra Club v. Tri–State Generation &*

*Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citation omitted).  Moreover, striking allegations or dismissing pleadings pursuant to Rule 12(f) is "a generally-disfavored, drastic remedy." *Id.* (citing *Smuggler–Durant Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993); *5C Charles Alan Wright et al., Federal Practice and Procedure Civil* § 1380, at 647 (2d ed.1990)). Because such relief is disfavored, a party moving to strike allegations on the basis that they are "redundant, immaterial, impertinent, or scandalous" must show not only that the challenged allegations fit within one or more of these categories, but must also typically make some showing of prejudice arising from the allegations. *Id.* (citing *5C Charles Alan Wright et al., Federal Practice and Procedure Civil* § 1380, at 690–92 (2d ed.1 990)). Courts within this district have recognized that the moving party's "burden of proof is a heavy one." *Holzberlein v. OM Fin. Life Ins. Co.*, No. 08–cv–02053–LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008).  Even if the movant meets its burden to show that allegations are not only "redundant, immaterial, impertinent, or scandalous" but also prejudicial, "discretion remains with the Court to grant or deny" the motion to strike.  *Big Cats of Serenity Springs, Inc. v. Vilsack*, No. 13–CV–03275–REB–KLM, 2015 WL 1432069, at *13 (D. Colo. March 25, 2015).

    C.       **Title VII Failure to Promote Claims**

       Mr. Bataille's sole claim in his Complaint is that Defendant discriminated against him for failure to promote.  [#1 at 7].  To prevail on a Title VII failure to promote claim, a plaintiff must first establish a *prima facie* case by showing that "(1) he is a member of a protected class; (2) he applied for and was qualified for the particular position; (3) he was not promoted despite his qualifications; and (4) the position was filled or remained open after he was rejected." *Cross v. The Home Depot*, 390 F.3d 1283, 1286 (10th Cir. 2004).  Once this *prima facie* case is made, the burden then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for

the employment action.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817,

36 L.Ed.2d 668 (1973).  If the defendant is able to articulate such a reason, the burden then shifts

back to the plaintiff to show that the reason is pretextual.  *McDonnell Douglas*, 411 U.S. at 804,

93 S.Ct. 1817.  In so showing, the Plaintiff must provide evidence "that a discriminatory reason

more likely motivated the employer or . . . that the employer's proffered explanation is unworthy

of credence."  *Tex. Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 67

L.Ed.2d 207 (1981).  "Evidence of pretext may include, but is not limited to, the following: prior

treatment of plaintiff; the employer's policy and practice regarding minority employment

(including statistical data); disturbing procedural irregularities (*e.g.*, falsifying or manipulating

hiring criteria); and the use of subjective criteria."  *Simms v. Okla. ex rel. Dep't of Mental Health

and Substance Abuse Servs.*, 165 F.3d 1321, 1328 (10th Cir. 1999), *abrogated in part on other

grounds*, *Eisenhour v. Weber Cnty.*, 744 F.3d 1220, 1227 (10th Cir. 2014).

## II.    **Application to Defendant's Motion to Dismiss or Strike**

As the Defendant notes, to prevail on a Title VII claim on any theory, the Plaintiff must

show the existence of an adverse employment action.  [#14 at 3].  The Tenth Circuit has held that

only "acts that constitute a significant change in employment status, such as hiring, firing, failing

to promote, reassignment with significantly different responsibilities, or a decision causing a

significant change in benefits will rise to the level of an adverse employment action."  *Haynes v.

Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006) (citation and quotation omitted).

Defendant argues that the only act Plaintiff's Complaint identifies that might rise to the level of

an adverse employment action is Defendant's alleged failure to promote Plaintiff in September

of 2013.  [#14 at 3-6].  This position is consistent with Plaintiff's own assertion, [#1 at 7], and

accordingly, this court agrees that the only action arising to the level of an adverse employment action is Defendant's failure to promote Plaintiff in or around September 5, 2013.

Defendant urges this court to "dismiss" or strike the remainder of the factual allegations not directly related to its alleged failure to promote. [#14 at 3-6]. As an initial matter, there appears to be nothing to dismiss; Plaintiff only identifies Defendant's failure to promote as the basis for his Title VII claim. [#1 at 7]. In addition, while the remainder of the actions and omissions alleged in Plaintiff's Complaint may not individually rise to the level of adverse employment actions, the court does not view this as an adequate basis to dismiss or strike these factual allegations from Plaintiff's Complaint. For instance, Plaintiff's allegations that he was subject to false reports of misconduct and to inappropriate discipline by his supervisors and coworkers while employed by Defendant [#1 at 2] could ultimately be relevant to showing pretext. Moreover, the allegations in Plaintiff's Complaint that do not independently amount to adverse employment actions are still closely enough related to Plaintiff's Title VII failure-to-promote claim that the court finds that they are not so "immaterial" or "impertinent" as to warrant the disfavored remedy of striking them from the pleadings pursuant to Fed. Rule Civ. P. 12(f). Defendant's cited authority does not suggest otherwise.

## CONCLUSION

Based on the reasons set forth herein, the court respectfully **RECOMMENDS** that:

(1)    Defendant's Motion to Dismiss or Strike [#13] be **DENIED**.[3]

---

[3]   Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the

DATED November 10, 2015           BY THE COURT:


                                           *s/* Nina Y. Wang_____
                                           United States Magistrate Judge

---

district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations  and will result in a waiver of the right to appeal from a judgment of the district court based on  the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d  573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52  F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's  order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs  waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418  F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).